1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                             FOR THE DISTRICT OF ARIZONA

8

9       Paige Kinney,                              No.  CV-13-00511-PHX-NVW
                                                        CR-11-00491-PHX-NVW
                           Petitioner,
10

11      v.                                         **ORDER**
                                                   **and**
12      United States of America,                  **DENIAL OF CERTIFICATE OF**
                                                   **APPEALABILITY AND IN FORMA**
                           Respondent.             **PAUPERIS STATUS**
13

14          Before the Court are Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set

15      Aside or Correct Sentence by Person in Federal Custody (Doc. 1), United States

16      Magistrate Judge Bridget S. Bade's Report and Recommendation (Doc. 17), Petitioner's

17      Objections to the Magistrate's Report and Recommendation (Doc. 20), and the United

18      States' Limited Response to Defendant's Objection to Magistrate Judge's Report and

19      Recommendation (Doc. 23, filed in CV-13-00510-PHX-NVW).

20          In CR-10-00796-PHX-NVW ("2010 case") and CR-11-00491-PHX-NVW ("2011

21      case"), Defendant pleaded guilty pursuant to written plea agreements in which she

22      waived any right to collaterally attack her convictions and sentences under 28 U.S.C.

23      § 2255.   During the change-of-plea proceeding before Magistrate Judge David K.

24      Duncan, Defendant stated that she had read both plea agreements, understood them, had

25      opportunity to discuss them with counsel, and had not been forced or threatened to plead

26      guilty.  During the sentencing proceeding, the Court summarized the terms of each plea

27      agreement, and counsel confirmed the accuracy of each summary.

28

1

2    In each plea agreement Defendant acknowledged that the United States Sentencing

3    Guidelines are only advisory and that after considering the Sentencing Guidelines, the

4    Court is free to exercise its discretion to impose any reasonable sentence up to the

5    maximum set by statute for the crimes of conviction.   The plea agreements stated

6    Defendant could receive a maximum sentence of 40 years in the 2010 case and a

7    maximum sentence of 170 years in the 2011 case.

8    Under the written plea agreements, the parties stipulated that for the purposes of

9    considering the Sentencing Guidelines in the 2010 case the total loss amount was

10   assumed to be between $2,500,000 and $7,000,000, Defendant's sentence in the 2010

11   case would not exceed 120 months, and Defendant's sentence in the 2011 case would not

12   exceed 60 months.   The plea agreements stated that the parties had no agreement on

13   whether the sentence imposed in the 2011 case would run consecutive to or concurrent

14   with the sentence imposed in the 2010 case.   During the sentencing proceeding, the

15   parties acknowledged that the sentences were required by statute to run consecutively

16   because the offenses in the 2011 case were committed while on pretrial release, but the

17   Court had discretion to impose consecutive sentences that would not exceed the limits

18   stated in the plea agreements.

19   Regarding the 2010 case, the Court questioned the presentence report writer

20   regarding a mathematical computation, and the writer acknowledged a computational

21   error.  The record shows that the Court did not rely on the presentence report's erroneous

22   computation.

23   The presentence report for the 2010 case rejected the plea agreement's three-level

24   downward adjustment for acceptance of responsibility because Defendant committed new

25   crimes while on pretrial release, and the Court agreed she should not receive credit for

26   acceptance of responsibility.  However, finding that the parties had in good faith thought

27   acceptance of responsibility was available, they agreed to it, and Defendant relied on that

28   agreement, the Court invited the government to authorize the Court to give Defendant a

1

2    three-level variance initiated by the government and in lieu of credit for acceptance of

3    responsibility.  The government did so, and the Court granted the three-level variance to

4    protect Defendant's reliance.

5          The presentence report for the 2010 case also recommended finding a loss level of

6    at least $20 million instead of between $2,500,000 and $7,000,000 as stated in the plea

7    agreement.   After lengthy discussion and concluding that the real force of the plea

8    agreement was to limit the sentence for the 2010 case to 120 months, the Court accepted

9    the parties' agreement to limit the loss level to $7,000,000 for the purpose of considering

10   the Sentencing Guidelines.  As a result, the Court sentenced Defendant to 120 months in

11   prison for the 2010 case.  The Court also accepted the plea agreement for the 2011 case

12   and sentenced Defendant to 60 months in prison to be served consecutive to the sentence

13   imposed in the 2010 case.  Defense counsel for each of the cases stated on the record that

14   the sentences complied with the plea agreements.

15         The Court has considered Petitioner's objections and reviewed the Report and

16   Recommendation de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that

17   the Court must make a de novo determination of those portions of the Report and

18   Recommendation to which specific objections are made).   The Court accepts the

19   magistrate judge's recommended disposition within the meaning of Rule 72(b), Fed. R.

20   Civ. P., and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the

21   district court "may accept, reject, or modify, in whole or in part, the findings or

22   recommendations made by the magistrate").

23         IT IS THEREFORE ORDERED that the Report and Recommendation of

24   Magistrate Judge Bridget S. Bade (Doc. 17) to deny and dismiss Petitioner's motion

25   under 28 U.S.C. § 2255 is accepted.

26         IT IS FURTHER ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to

27   Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. 1) is denied

28   and dismissed with prejudice.

1

2       IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment

3   accordingly and terminate this action.

4       Having considered the issuance of a Certificate of Appealability from the order

5   denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

6   Sentence by Person in Federal Custody, the Court FINDS:  Certificate of Appealability

7   and leave to proceed in forma pauperis on appeal are DENIED because Petitioner has not

8   made a substantial showing of the denial of a constitutional right.  *See* Rule 11(a), Rules

9   Governing Section 2255 Cases in the United States District Courts; 28 U.S.C.

10  § 2253(c)(3).

11      Dated this 26th day of June, 2014.

12

13

14  _____

15                  Neil V. Wake
                 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -